UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLISE WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) 19-CV-1005 |
| SAUL KALLIS and NANNETEE BARNES, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

Plaintiff filed this case pro se from a federal prison in Waseca, Minnesota. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**RDAP and RRC**

Plaintiff applied for and was denied participation in the Residential Drug Abuse Program for the stated reason that Plaintiff had not documented a pattern of substance abuse. (d/e 1, p. 23.) Plaintiff asserts that this denial and the failure to provide a substitute program to earn sentence reduction was an abuse of discretion. Plaintiff was also denied placement in a residential reentry center for the stated reason that Plaintiff did not need the placement because Plaintiff had a place to go upon release, good family support, and the ability to save money in prison to help with her transition. (d/e 1, p. 30.)

Plaintiff calls this a *Bivens* action, but *Bivens* is based on federal constitutional right. there is no constitutional right to participate in prison programs, even if those programs give an opportunity to reduce sentence time. Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982)("There is no constitutional mandate to provide

educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment."); Goodwin v. Lockett, 2011 WL 13210260 (S.D. Ind. 2011)("that a particular prisoner is ineligible to participate in certain programs does not implicate a protected liberty interest, even though participation in those programs would have provided him with an opportunity to earn good time credits at a higher rate.")(*citing* Higgason v. Farley, 83 F.3d 807, 809-810 (7th Cir. 1996)).

There is also no constitutional right to be placed in a residential reentry center. *See* Khdeer v. Paul, 2018 Wl 6919637 (D. Minn. 2018)("Petitioner has no constitutional right to a pre-release RRC or home confinement placement."); Wong v. Ponce, 2017 WL 784913 (E.D. Cal. 2017)("To the extent that petitioner claims a constitutional right to be housed in a particular place, such as an RRC, that claim is without merit.")(citations omitted).[2]

If Plaintiff is seeking judicial review of the denials under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, *et seq.*, that is

---

[2] The court assumes that a *Bivens* action, rather than a habeas corpus action, is the correct procedure for challenging the denial of a request to be placed in a residential reentry center. *See* Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)(inmate's claim "seeking a different program or location or environment" is civil rights, not habeas).

not available. 18 U.S.C. § 3625 prohibits judicial review of these decisions. *See* <u>Stanko v. Federal Bureau of Prisons</u>, 2011 WL 3236388 (S.D. Ind. 2011)(denial of RDAP participation not reviewable under APA)(collecting cases); <u>Durance v. Cross</u>, 2014 WL 285095 (S.D. Ill. 2014)(decision to expel inmate from RDAP not reviewable under APA); <u>Tiger v. Rios</u>, 2013 WL 2181132 (C.D.Ill.)(denial of RDAP program not reviewable under APA); <u>Santiago-Lebron v. Parole Com'm</u>, 767 F.Supp.2d 1340, 1351 (S.D. Fla. 2011)(decision to deny placement on RDAP not subject to judicial review); <u>Bernard v. Roal</u>, 716 F.Supp.2d 354 (S.D.N.Y 2010)(judicial review of denials of RDAP and RRC not available under APA). Further, Plaintiff's allegations do not allow any plausible inference of an abuse of discretion. The attachments to the complaint suggest that the prison considered the relevant factors and made reasoned decisions. Disagreement with the decisions is not a sufficient basis to overturn the decisions.

### Transfer to Waseca

On or around May 8, 2018, Plaintiff was transferred from Pekin Federal Prison Camp to the Sangamon County Jail. On or around May 20, 2018, Plaintiff was transferred from the Sangamon

County Jail to the Waseca Federal Correctional Institution, where Plaintiff remains.

Plaintiff alleges that this transfer was in retaliation for Plaintiff's contact with Senator Durbin's office and to avoid sending Plaintiff to an RRC. According to a document attached to the complaint, though, Plaintiff was transferred to the Sangamon County Jail due to an investigation which determined that Plaintiff was creating a hostile environment at Pekin through false accusations. (d/e 1, p. 39.) The document further recommended Plaintiff's transfer to another minimum security facility. This does not mean the document's statements are true, but Plaintiff does not address them nor offer any factual allegations to support her conclusory that her transfer was in retaliation for contacting Senator Durbin's office.

Assuming for purposes of this order only that *Bivens* extends to First Amendment retaliation claims, no plausible inference can be drawn from the current factual allegations that the reason for Plaintiff's transfer, in part or whole, was to retaliate against Plaintiff for contacting Senator Durbin. Plaintiff's allegation that she was transferred to avoid placing her in an RRC does not state a claim

and is hard to understand since that placement had already been denied and was not overturned.

## Conditions of Confinement

Plaintiff makes various vague allegations about her difficulties living in prison, including unspecified medical issues and feeling like a minority because she is heterosexual, but the court cannot discern a constitutional violation from them. Additionally, challenges to incidents or conditions in Plaintiff's Minnesota prison would belong Minnesota state or federal courts. Plaintiff will be given an opportunity to file an amended complaint detailing the conditions she endured in Pekin.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by April 30, 2019. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff

files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted.

ENTERED: March 25, 2019

FOR THE COURT:

                              **s/Harold A. Baker**
                              HAROLD A. BAKER
                        UNITED STATES DISTRICT JUDGE